IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AZANIAH BLANKUMSEE #326-698

Plaintiff

VERIFIED Complaint

vs.

Civil Action NO.: PWG-18-3415

Jury trial Demanded.

DONALD BEACHLEY (circuit court Judge)

MARK BOYER (Judge)

DAYANA COCORAN (COMMISSIONER)

LARRY HOGAN (GOVERNOR)

JOSEPH MICHAELS (states attorney)

Individually and in their official capacities.,

defendants.

FILED ENTERED
LODGED RECEIVED
NOV 01 2018
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

I. COMPLAINT

1. Plaintiff, Azaniah Blankumsee, pro se, for his complaint states as follows;

II. Parties, Jurisdiction and venue;

2. Plaintiff, Azaniah Blankumsee, has been confined in the Department of corrections, in the State of Maryland from 2004 to 2018.; plaintiff is currently confined at EASTERN CORRECTIONAL INSTITUTION (ECI);

3. Plaintiff, Azaniah Blankumsee, is, and was at all times mentioned herein, an adult citizen of the united States and a resident of the state of Maryland;

4. Defendant Donald Beachley, was at all relevant times, herein, a circuit court Judge for washington county Maryland.

5. Defendant, Mark Boyer, was at all relevant times, herein, a circuit court Judge for washington county Maryland,

6. Defendant, Joseph Micheals, was at all relevant times, herein, a states attorney for washington county, Maryland,

7. Defendant, Dayana cocoran, was at all relevant times, herein, the commissioner of the Maryland Department of corrections, with the responsibility for operating and maintaining detention, penal and services/corrective institutions within the state of Maryland;

8. Defendant, Larry Hogan, was at all relevant times, herein, the governor of Maryland;

9. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed, under section 504 of the REHAbilitation Act, And Title 2 of the Americans with disabilities act.

10. Plaintiff's claims for injunctive relief ar authorized by Rule 65 of the Federal Rules of civil procedure

11. This cause of action arose in the united states District of Maryland, Therefore, venue is proper under 28 U.S.C. Section 1391(b);

III STATEMENT OF CLAIM

12. At all relevant times herein, defendants were "Persons" for purposes of 42 U.S.C. Section 1983, and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below;

IV. STATEMENT OF FACTS

13. On March 13 and 14, 2004, after having to much to drink and reacting to an untreated mental Illness(s), plaintiff Exhibited violent behavior, and conduct that's against the peace, and dignity of society; As a direct result, on december 3rd, 2004, plaintiff was convicted and sentenced to Life in prison plus 15 years, for the acts of Striking A few people with his fist on march 13th, pointing a gun at a party goer, then firing the gun in the air;

While incarcerated plaintiff have undergone several mental assessments, with the most recent being in 2017, when he was diagnosed by Dr. Howard as legally insane, among other mental Illnessess to include: Anxiety, Impulse control disorder, obsessive control disorder, and A severe case of schizophrenia;

During the presentencing investigation, plaintiff's

Mother expressed her concerns for plaintiff, and his need for a mental evaluation, instead of ordering a mental assessment / competency hearing, and seeking treatment for plaintiff, which he is entitled under both the rehabilitation Act, and Americans with disabilities act, defendant's Beachley, and Michaels, elected a punishment instead of treatment;

In 2017, plaintiff filed a competency hearing motion, which he presented evidence, and documentation proving he is mentally ill, and disable under the A D A, defendant Boyer denied the motion without Justification;

Along with several petitions, commutations, and medical leave request to both defendants, Cocoran and hogan, Dr. Howard made it clear in her reports that plaintiff need hospitalization because of his mental illnessess, which was fowarded to defendant cocoran, who failed to apply to a Judge for a commitment order;

PLAINTIFF HAVE A RIGHT TO AVOID DETERIORATION WHILE INCARCERATED.

Since being incarcerated, plaintiff's medical records, and the amount of complaints he have filed, alleging threats, and being attacked if he was not transfered, and transfers, will show that plaintiffs illnessess has got and continue to get worse; (Threats are real, the effect creates and subjects plaintiff to oppressive conditions); which as a result subjects plaintiff to cruel and unusual punishment;

NOT CRIMINALLY RESPONSABLE, And INSANITY, Are both defenses, and legal options for defendants who like plaintiff suffer from severe mental illnessess, or diagnosed as criminally insane; however, plaintiff plaintiff was denied both options due to discrimination and racial discrimination by defendants, Beachley, Michaels, and Boyer, which as a direct result, deprive plaintiff of his rights under the rehabilitation act, and the Americans with disability act; and Subject him to cruel and unusual punishment;

All defendants have exhibited deliberate indifference to plaintiff's serious medical needs;

V. PRAYER FOR RELIEF

14. Plaintiff request an order declaring that the defendants have acted in violation of the united states constitution;

15. Plaintiff request an injunction compelling defendants Beachley or Boyer to order a competency hearing, and/or Not criminally responsible and hospitalization/treatment under the rehabilitation And Americans with disabilities Acts;

16. Plaintiff request an injunction compelling defendants to shorten plaintiffs sentence or release plaintiff, to avoid Deterioration, oppressive conditions, cruel and unusual punishment, and to Seek professional, adequate, treatment;

[signature]

ECI

30420 Revells neck Road
Westover, Md 21890
Pro Se

I declare under penalty of perjury that the foregoing is true and correct,

Ajoniah Blankumsee

10-28-2018