# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

AZANIAH BLANKUMSEE,     *

Plaintiff     *

v.     *     Civil Action No. PWG-18-3415

JUDGE DONALD BEACHLEY,     *
JUDGE MARK BOYER,
DAYANA CORORAN, *Commissioner*,
LARRY HOGAN, *Governor*,     *
JOSEPH MICHAELS,[1] *State's Attorney*,
    *
Defendants
    ***

## MEMORANDUM OPINION

Pending are Azaniah Blankumsee's verified civil rights complaint filed pursuant to 42 U.S.C. § 1983, ECF No. 1, and Motion for Leave to Proceed in Forma Pauperis, ECF No. 2. Because Blankumsee, who is incarcerated at Eastern Correctional Institution in Westover, Maryland, demonstrates that he is indigent, the Motion for Leave to Proceed in Forma Pauperis will be granted. Blankumsee, a frequent self-represented litigator in this district,[2] faults

---

[1] Joseph Michael is Deputy State's Attorney in Washington County, Maryland. The Clerk will amend the docket to reflect the proper spelling of Joseph Michael's name.

[2] *See, e.g., Blankumsee v. Washington County Circuit Court*, Civil Action No. PWG-18-1509 (D. Md. June 25, 2018); *Blankumsee v. State of Maryland*, Civil Action No. PWG-18-354 (D. Md. March 28, 2018); *Blankumsee v. Washington County Circuit Court*, Civil Action No. PWG-17-2049 (D. Md. July 5, 2017); *Blankumsee v. Graham*, Civil Action No. PWG-16-3436 (D. Md. March 28, 2018); *Blankumsee v. Maryland Department of Public Safety and Correctional Services*, Civil Action No. PWG-16-2801(D. Md. September 8, 2017); *Blankumsee v. Buck*, Civil Action No. PWG-15-3495 (D. Md. February 22, 2018); *Blankumsee v. Galley*, Civil Action No. PWG-15-837 (D. Md. January 21, 2016); *Blankumsee v. Shearin*, Civil Action No. PWG-13-2658 (D. Md. August 4, 2014); *Blankumsee v. Department of Corrections*, Civil Action No. PWG-13-2507 (D. Md. July 22, 2014); *Blankumsee v. Department of Corrections*, Civil Action No. PWG-13-1751 (D. Md. July 29, 2013); *Blankumsee v. Washington County*, Civil Action No. PWG-13-1750 (D. Md. July 24, 2013); *Blankumsee v. Washington County, Maryland Office of States Attorney*, PWG-13-970 (D. Md. May 2, 2013). None of these actions has resulted in a disposition in favor of Blankumsee. Many of these cases were dismissed before service. Additionally,

Defendants for failing to provide him mental competency examinations and mental health treatment. As redress, he seeks declaratory and injunctive relief.

Blankumsee filed his Complaint under 28 U.S.C. § 1915, which allows an indigent prisoner to commence an action in federal court without prepaying the filing fee. To protect against abuse of this privilege, the statute requires a court to dismiss any claim that fails to state a claim for which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(ii),(iii), 1915A(b)(1),(2). This Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants such as Blankumsee. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

## DISCUSSION

Blankumsee brings this action against Judge Donald Beachley;[3] Judge Mark Boyer;[4] Dayana Corcoran, Commissioner of Corrections; Larry Hogan, Governor of Maryland; and

---

Blankumsee presently has three other cases under review, *Blankumsee v. Foxwell*, Civil Action No. PWG-18-2110 (D. Md.), and *Blankumsee v. Graham*, Civil Action No. PWG-16-3436 (D. Md.), both habeas proceedings, and *Blankumsee v. Foxwell*, Civil Action No. PWG-18-106 (D. Md.), a civil rights proceeding.

[3] The Honorable Donald E. Beachley is a judge on the Court of Special Appeals of Maryland. Before his elevation to the Court of Special Appeals, Judge Beachley was circuit court judge in the Circuit Court for Washington County, Maryland.

[4] The Honorable Mark Boyer is a circuit court judge in Washington County, Maryland. The Clerk shall correct the docket to add this Defendant.

Joseph Michael, who was the prosecutor at Blankumsee's trial.[5] Blankumsee alleges that "Beachley, and Michaels, [sic] elected a punishment instead of treatment," but he does not make any other allegations against Michael. *See* Compl. 4. As a prosecutor, Michael had no ability to mandate the type of sentence that the court would impose. Consequently, Blankumsee's Complaint does not allege any action for which Michael could be liable, and therefore, the Court will dismiss Michael from this action.

Blankumsee claims that when he committed the offense for which he is serving his sentence,[6] he was suffering from untreated mental illness. Blankumsee states that during his incarceration he has undergone several mental health evaluations and diagnosed with schizophrenia, anxiety, impulse control disorder, and obsessive control disorder. Blankumsee alleges that since his incarceration, his illness has worsened, and generally asserts that defendants have exhibited deliberate indifference to his serious medical needs.

Blankumsee states that during presentencing investigation stage of his case, his mother expressed concern about his need for a mental health evaluation. Blankumsee claims that he was entitled under the Rehabilitation Act and the Americans with Disabilities Act to a mental health evaluation, a competency hearing, and treatment. He faults Judge Beachley for sentencing him to "punishment" instead of treatment. Blankumsee faults Judge Boyer for denying his 2017 motion

---

[5] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=21K04034142&loc. In Civil Action No. PWG-18-1509, Blankumsee sued Joseph Michael, Assistant Deputy State's Attorney for his role in Blankumsee's conviction. This Court determined that Michael was shielded by prosecutorial immunity. Order 4, ECF No. 3 in PWG-18-1509.

[6] In 2005, Blankumsee was convicted in the Circuit Court for Washington County, Maryland of armed robbery, six counts of second-degree murder and related offenses and sentenced to life plus 15 years of incarceration in Criminal Case No. 21-K-04-34142. *See Blankumsee v. Graham*, Civil Action No. PWG-16-3436 (D. Md.) (Docket Entries, ECF No. 8-1; *Blankumsee v. Maryland*, No. 2841 September Term (Md. Ct. Spec. App.), ECF No. 8-2).

for a competency hearing. Blankumsee faults Governor Hogan and Commissioner Corcoran for denying or failing to forward to a judge the "several petitions, commutations, and medical leave request[s]" he has filed. Compl. 4.

Blankumsee asks this Court to declare that Defendants have violated his constitutional rights and compel Judge Beachley or Judge Boyer to hold a competency hearing or order him not criminally responsible and place him in a hospital for treatment. Blankumsee also asks for an injunction requiring Defendants to shorten his sentence or release him.

Blankumsee's Complaint repeats the same claims against Judges Beachley and Boyer he presented in Civil Action No. PWG-18-1509, *Blankumsee v. Washington County Circuit Court, et al.*, which this Court dismissed with prejudice on June 25, 2018.[7] The Court dismissed the claims against Judge Beachley and Judge Boyer on the grounds of absolute judicial immunity. Where there has been a final judgment on the merits in a prior suit; an identity of the cause of action in both the earlier and the later suit; and an identity of parties or their privies in the two suits, *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). This Court may dismiss an action *sua sponte* under the doctrine of *res judicata* if it "is on notice that the issues presented in a suit have been previously decided." *Roberts v. Thrasher*, No. ELH-15-1906, 2015 WL 4485477, at *2 (D. Md. July 20, 2015) (quoting *Arizona v. California*, 530 U.S. 392, 413 (2000) (citation and citation marks omitted)).

---

[7] Blankumsee has appealed the decision. *Blankumsee v Washington County Circuit Court*, No. 18-6827 (4th Cir.).

*Res judicata* bars Blankumsee's claims against Judges Beachley and Boyer, and they will be dismissed with prejudice.[8]

Lastly, to the extent Blankumsee faults Governor Hogan or Commissioner Corcoran for denying or failing to forward to a judge the "several petitions, commutations, and medical leave request[s]" he has filed, he fails to specify when he submitted these filings or their content. Blankumsee's summary averment that "all defendants have exhibited deliberate indifference to [his] serious medical needs" is insufficient to confer liability. Compl. 5. To assert an Eighth Amendment claim, a plaintiff must show that the defendant "acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference requires a showing that an official "subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Blankumsee's conclusory assertions fail to show either Defendant was personally aware of his alleged medical concerns or that their actions show deliberate indifference to his serious medical needs. Accordingly, the claims against Governor Hogan and Commissioner Corcoran will be dismissed without prejudice for failure to state a claim. *See id.*

---

[8] I note that, if Blankumsee had brought any allegations against Michael, it is likely that the claims against Michael would be barred under the doctrine of *res judicata* as well. *Res judicata* bars not only claims previously brought but also "any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW–12–2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted). Thus, even if a plaintiff's legal theory differs in the earlier dispute, *res judicata* may still bar the current action if "the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Ohio Valley*, 556 F.3d at 210 (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990)).

## THREE STRIKES RULE

The in forma pauperis statute limits the ability of prisoners to file civil actions without prepayment of filing fees. *McLean v. United States*, 566 F.3d 391, 393 (4th Cir. 2009). The statute contains a "three strikes" rule, codified at 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the Act's 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean*, 566 F.3d at 393–94 (citing 28 U.S.C. § 1915(g)). This case will be dismissed for failure to state a claim, in part with prejudice, and Blankumsee will be assigned a "first strike" on this basis. He is cautioned that if he continues to file complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted, he will be barred from filing civil complaints without the full filing fee unless he demonstrates imminent danger of physical injury.

## CONCLUSION

The Court will by separate Order dismiss this case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),(iii), 1915A(b)(1), (2), dismissing the claims against Michael, Governor Hogan and Commissioner Corcoran without prejudice and the claims against Judges Beachley and Boyer with prejudice, and assign Blankumsee a "first strike" pursuant to 28 U.S.C. § 1915(g).

| | |
|---|---|
| _____ | _____ 12/3/2018 |
| Date | Paul W. Grimm |
| | United States District Judge |