# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AZANIAH BLANKUMSEE, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-18-3415 |
| JUDGE DONALD BEACHLEY,<br>JUDGE MARK BOYER,<br>DAYENA CORORAN, *Commissioner,*<br>LARRY HOGAN, *Governor*,<br>JOSEPH MICHAEL, *State's Attorney*, | *<br><br>*<br><br>* | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

On April 30, 2019, the United States Court of Appeals for the Fourth Circuit dismissed Azaniah Blankumsee's appeal of this Court's decision to dismiss this case *sua sponte* and remanded it to allow Blankumsee to amend his complaint because the dismissal of the claims against Defendants Larry Hogan, the Governor of Maryland, Joseph Michael, Deputy State's Attorney for Washington County, and Dayena Corcoran, former Commissioner of the Division of Correction, was without prejudice, and "did not clearly preclude amendment." *Blankumsee v. Beachley*, *et al.*, No. 19-6096 (4th. Cir. April 30, 2019) (quoting *Goode v Cent. Va. Legal Aid Soc'y, Inc.*, (4th Cir. 2015)) (ECF No. 13). Blankumsee filed an Amended Complaint alleging claims against Hogan, Corcoran, and Michael on May 30, 2019. ECF No. 15.

Presently pending and ready for disposition is Hogan, Michael, and Corcoran's Motion to Dismiss the Amended Complaint. ECF No. 19-1. Blankumsee has filed a Response in Opposition to the Motion to Dismiss. ECF No. 22. For reasons set forth in this Memorandum Opinion, I will grant the Motion to Dismiss with prejudice.

BACKGROUND

Blankumsee asserts in the Amended Complaint that Michael improperly introduced the results of a ballistics test conducted by expert witness Joseph Kopera (whose qualifications were discovered to be untrue) during his criminal trial. ECF No. 15 at 2. Blankumsee asserts Governor Hogan and former Commissioner Corcoran failed to "train and respond appropriately" to his petitions, "commutations," and medical leave requests concerning his mental illness. ECF No. 15 at 3-4. According to Blankumsee he "continues to deteriorate" in prison without proper treatment, which subjects him to cruel and unusual punishment. *Id.* at 4. Additionally, he claims all Defendants have denied him equal protection, and cites the due process clause of the Fourteenth Amendment without explanation. *Id.* at 2, 4. In the Amended Complaint, he seeks the same relief that he requested in the original complaint: a declaration stating Defendants acted in violation of the United States Constitution and an injunction to compel Defendants to take actions to "avoid" his deterioration and oppressive conditions. ECF No. 14 at 4; *see also* ECF No. 1 at 5.

Defendants move for dismissal of the claims against them for failure to state a claim upon which relief may be granted, and, for Michael, on the grounds of prosecutorial immunity.[1]

STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule

---

[1] Counsel for Defendants also moves for dismissal of the damage claims against them in their official capacities on the grounds of Eleventh Amendment immunity. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (A state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (Claims against state employees in their official capacity are barred because a suit against a state officer in his official capacity is tantamount to a suit against the state itself.). Blankumsee, however, does not seek monetary damages. ECF No. 14 at 4; *see also* ECF No. 1 at 5.

8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). The complaint must do more than provide "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Although a court should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants argue that the Amended Complaint fails to state a plausible claim upon which relief may be granted. The Court construes the Amended Complaint as brought pursuant to 42 U.S.C. § 1983,[2] which provides ([e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured).

Blankumsee relies on the due process clause of the Fourteenth Amendment without explanation. ECF No. 15 at 2. He also seeks to raise an equal protection claim. The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citation omitted).

---

[2] Blankumsee filed the original complaint in this case pursuant to 42 U.S.C. § 1983. ECF No. 1 ¶ 9.

Blankumsee neither alleges nor suggests facts to show that he has been treated differently than others similarly situated to him. Accordingly, Defendants are entitled to dismissal for failure to state an equal protection claim.

To the extent Blankumsee raises a constitutional claim against Governor Hogan or former Commissioner Corcoran under the Eighth Amendment's proscription against "cruel and unusual punishment," to establish liability under 42 U.S.C. § 1983, a defendant must be personally involved in the alleged violation. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994). Blankumsee, however, does not allege Corcoran or Hogan were personally involved in the condition of his confinement or mental health treatment. Rather, he summarily references petitions, commutations, and sick leave requests which is insufficient to suggest personal participation by Governor Hogan or former Commissioner Corcoran.

If Blankumsee intends to hold Defendants culpable in their supervisory capacities, the liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Bayard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability may attach under § 1983 if a plaintiff can establish three elements: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) an "affirmative causal link" between the supervisor's inaction and the

particular constitutional injury suffered by the plaintiff. *Id*. at 799 (citations omitted). Blankumsee does not address these elements and his vague allusion to training falls far short of stating a claim of supervisory liability.

Further, to establish an Eighth Amendment claim, a plaintiff must show that the defendant "acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference requires a showing that an official "subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Blankumsee fails to plead either Defendant was personally aware of his alleged mental health needs or concerns or that their actions showed deliberate indifference to his serious medical needs. For these reasons, the claims against Defendants Governor Hogan and former Commissioner Corcoran will be dismissed.

To the extent Blankumsee claims that Michael violated his right to due process, as a state prosecutor Michael is a quasi-judicial officer shielded by absolute immunity when performing prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). The Fourth Circuit explained in *Nero*, 890 F.3d at 118:

> A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431.

Blankumsee's claim that Michael improperly introduced evidence at trial challenges actions

5

squarely within the ambit of prosecutorial function; accordingly, the claim is barred by Michael's absolute immunity from suit. I therefore will dismiss this claim because it fails to state a claim upon which relief may be granted.

Plaintiff is reminded that the Prison Litigation Reform Act, codified a 28 U.S.C. § 1915(g) mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

After an inmate is assigned three such dismissals under §1915(g), the inmate will be barred from filing further civil actions in forma pauperis unless imminent danger of serious physical injury is demonstrated. *Id.* Because this case is being dismissed for failure to state a claim upon which relief may be granted, Blankumsee will be assigned a "strike" under 28 U.S.C. §1915(g).

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, I will grant Defendants' Motion to Dismiss the Amended Complaint with prejudice and assign a "strike" under 28 U.S.C. §1915(g) to Blankumsee. A separate Order follows.

  February 7, 2020  
Date

_____/S/_____  
Paul W. Grimm  
United States District Judge

6